**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONY FRANSISCUS, | No. 11-72586 |
| Petitioner, | |
| | Agency No. A095-021-313 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:      ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Antony Fransiscus, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  Reviewing for substantial evidence

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

The record does not compel the conclusion that Fransiscus demonstrated a nexus between the robberies of his family's grocery stores in 1999 and 2000 and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he REAL ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) ("[r]andom, isolated criminal acts perpetrated by anonymous thieves do not establish persecution"). Fransiscus also testified that he experienced discrimination, including being unable to attend university due to high fees imposed on ethnically Chinese students; that his parents' grocery store was looted during the 1998 riots; and that he feared attending his church due to bombings of other churches. These incidents, even considered cumulatively, do not compel a finding of past persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (incidents of discrimination and mistreatment, including a government clinic's refusal to provide petitioner with medical treatment and a beating by rioters, did not compel finding of past persecution); *Wakkary*, 558 F.3d at 1059-60.

11-72586

As Fransiscus has not established past persecution, he is not entitled to a presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Additionally, substantial evidence supports the agency's determination that, even under a disfavored group analysis, Fransiscus failed to show sufficient individualized risk to establish it is more likely than not he would be persecuted if returned to Indonesia. *See Halim*, 590 F.3d. at 979; *see also Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). We reject Fransiscus's contention that the BIA failed to consider all relevant evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner must overcome the presumption that the agency has considered all the evidence). Accordingly, Fransiscus's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**